IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| JEROME P. Johnson, | : | Bankr. Case No. 05-14164 |
| | : | Adv. No. 06-50655 (PJW) |
| Debtors. | : | AP No. 09-8 |
| | : | |
| JEROME P. JOHNSON, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. Act. No. 09-112-JJF |
| | : | |
| ROBERTA A. DeANGELIS, | : | |
| | : | |
| Appellee. | : | |

Jerome P. Johnson, Pro Se Appellant.

Mark S. Kenney, Esquire of the OFFICE OF THE UNITED STATES
TRUSTEE, UNITED STATES DEPARTMENT OF JUSTICE, Wilmington,
Delaware.

Attorney for Appellee.

**MEMORANDUM OPINION**

July 23, 2009
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is the Motion To Dismiss Appeal As Untimely, And Request To Stay Mediation (D.I. 3) filed by Appellee Roberta A. DeAngelis, Acting United States Trustee For Region 3 (the "Acting Trustee"). By her Motion, the Acting Trustee requests dismissal of the appeal filed by Appellant, Jerome P. Johnson, of the Bankruptcy Court's January 9, 2009 Order denying Appellant a discharge pursuant to Section 727(a)(3) and 727(a)(4) of the Bankruptcy Code for the reasons set forth in the Bankruptcy Court's January 9, 2009 Findings of Fact and Conclusions of Law. For the reasons discussed, the Acting Trustee's Motion will be denied to the extent it seeks dismissal and denied as moot to the extent it seeks to stay mediation. This action will be remanded to the Bankruptcy Court for further findings and/or proceedings consistent with this decision.

## I.  PARTIES' CONTENTIONS

By her Motion, the Acting Trustee contends that Appellant failed to timely file his Notice of Appeal as provided in Federal Rule of Bankruptcy Procedure 8002(a). In addition, the Acting Trustee contends that Appellant did not properly request an extension of time pursuant to Federal Rule of Bankruptcy Procedure 8002(c), because he failed to file a motion and his handwritten notation on his Notice of Appeal that he was seeking an extension of time did not specify the grounds for an extension.

Appellant contends that although he is an attorney licensed in Maryland, he is not an expert in bankruptcy law and his Notice of Appeal was presented in the manner explained to him by Court personnel and his reading of the Rules. Appellant contends that he filed a request for extension of time based upon excusable neglect, which was timely. Appellant contends that excusable neglect in this case is based upon his "out of state" status. Because Appellant is out of state and unable to electronically file his motions, he contends that he must present them personally to the Court by taking off work in Maryland, which is difficult for him given his commitments to other cases in other counties. Appellant also contends that the Acting Trustee should be precluded from pursuing her arguments for dismissal because her Motion To Dismiss was filed four months after the filing of his Notice of Appeal.

## II. DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within ten days of the date of entry of the judgment that is appealed from. Extensions of time to file a notice of appeal are contemplated by Rule 8002(c); however, such a request must be made by written motion filed before the time for filing a notice of appeal has expired. A motion for extension of time to file a notice of appeal may also be filed not later than 20 days after the expiration of the time

2

for filing a notice of appeal; however, such a late filed extension may only be granted upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(c)(2).

At this time, it is unclear whether the time limits set forth in Rule 8002(c) are still considered jurisdictional or whether they are a "non-jurisdictional 'claim-processing rule' that is mandatory when invoked by a party, but subject to waiver if no timeliness objection is raised." In re Fryer, 235 Fed. Appx. 951, 953 (3d Cir. 2007). In any event, the Acting Trustee has raised an objection to the timeliness of the Notice of Appeal, and therefore, the Court will proceed to the merits of the Acting Trustee's Motion.[1]

In this case, Appellant filed his Notice of Appeal on February 9, 2009, twenty days after the time for filing a notice of appeal expired. To the right of the caption of the document, Appellant handwrote the words "EXTENSION REQUEST UNDER BANKRUPTCY RULE 8002(c)" and "EXCUSABLE NEGLECT." Underneath the caption he wrote "(REQUEST FOR HEARING)." The Bankruptcy Court transmitted the Notice of Appeal to this Court without ruling on the request

---

[1]      Appellant suggests that the Acting Trustee waived an objection to the timeliness of his Notice of Appeal by failing to object at an earlier date. However, Appellant cites no case law to support his argument, and the Court is not persuaded that the four month delay between the filing of Appellant's Notice of Appeal and the filing of the Acting Trustee's Motion To Dismiss renders the Motion To Dismiss untimely such that the arguments contained therein should be considered waived.

3

for extension of time. The Acting Trustee argues that Appellant has not complied with either Bankruptcy Rule 8002(c) or Bankruptcy Rule 9013 for properly presenting a request for extension of time. In the Court's view, however, this determination, as well as the determination of whether Appellant has satisfied the excusable neglect standard, if his motion was properly filed, should be considered by the Bankruptcy Court in the first instance. Cf. In re Allegheny Health Educ. & Research Foundation, 181 Fed. Appx. 289, **2 (3d Cir. 2006) ("[T]he District Court could not have determined whether excusable neglect existed in the first instance, because the Bankruptcy Rules specifically provide that a request for extension of time to file a notice of appeal must be made to the Bankruptcy Court.") (emphasis added). Accordingly, the Court will deny the Acting Trustee's Motion To Dismiss and remand this action to the Bankruptcy Court for a determination as to whether Appellant properly moved for an extension of time in the first instance, and if so, whether he has established excusable neglect so as to warrant an extension of time. To the extent the Acting Trustee moved for a Stay of Mediation, the Motion will be denied as moot in light of the remand of this matter.

## III. CONCLUSION

For the reasons discussed, the Acting Trustee's Motion To Dismiss Appeal As Untimely, And Request To Stay Mediation will be

4

denied and this matter will be remanded to the Bankruptcy Court for further findings and/or proceedings consistent with this decision. To the extent the Acting Trustee requests a stay of mediation, the Motion will be denied as moot in light of the remand of this matter.

An appropriate Order will be entered.